## Richards *versus* Alden.

1. One who succeeds to the possession of personal property, as a tenant, has none of the equities of a creditor, or of a *bona fide* purchaser.
2. A defendant in an execution cannot dispute the title of the purchaser of his goods at a sheriff's sale under the execution, on the ground of fraud upon the plaintiff in the execution, in an arrangement made between the latter and the purchaser.

ERROR to the Court of Common Pleas of *Bradford county.*

*Replevin* for a yoke of oxen. In 1851, Alden, the plaintiff below, and defendant in error, became surety for Paine, one of the defendants, for a debt of some seventy-five dollars, due by him to one A. Seward. Paine, to secure Alden, agreed that the oxen in question should be his until this debt was paid; but the oxen were left by Alden in Paine's possession. Alden was subsequently sued upon the debt to Seward, and judgment was recovered to the amount of about seventy-six dollars, which he paid. Paine frequently admitted that the oxen belonged to Alden. In September, 1852, the oxen were levied on under an execution issued on a judgment against Paine, at the suit of one Terwilliger. Before the sale, Paine and Alden agreed that the latter should bid off the oxen if he conveniently could, and leave them at Paine's mill through the winter, to make lumber to pay off his debt to Alden. Alden then made an arrangement with Terwilliger to pay the judgment held by the latter, if he would give him control of the judgment, so that the agreement with Paine as to bidding off the oxen might be carried out. The sheriff sold the oxen, under the execution, to Alden, for seven dollars; the oxen were left with Paine through the winter, and he not only admitted the ownership of Alden, but the latter, at his request, furnished hay for their feed. In the spring of 1853, Alden, not having been paid, went to Paine's premises, and drove the oxen away to his own farm; and about a week afterwards Paine came and drove them back again; whereupon, Alden sued out this *replevin.*

[Landis *v.* Landis.]

The defendants showed that Paine had entered into a contract to lease his farm to Richards, the other defendant, from April 1, 1853; and that by this contract, Paine was to furnish Richards during the term with the yoke of oxen then upon the premises, or a yoke equally valuable. Defendants contended that Alden was not a *bona fide* purchaser at the sheriff's sale; and that Richards, under his lease, could hold the oxen against Alden. The plaintiff proved that he gave notice to Richards, before he took possession of the oxen, that they belonged to him, (Alden,) and that he, (Richards,) must make some arrangement with him if he took the cattle; to which, Richards made no reply. Under the instructions of the court, the jury found for the plaintiff; whereupon, defendants took this writ of error.

*Overton,* for plaintiff in error.

*Elwell,* for defendant in error.

The opinion of the court was delivered by

WOODWARD, J.—Richards having succeeded to the possession of the oxen, as tenant of Paine, had none of the equities of a creditor or of a purchaser *bona fide,* and held them by a title in no wise superior to that of his landlord. If, then, as against Paine, Alden was entitled to have the possession, his right was equally complete as against Richards. And whether, as between Alden and Paine, the former was entitled to the oxen, depended on the effect of the sheriff's sale; and the effect of that depended, again, on the arrangement and understanding between these parties and Terwilliger, and that was properly referred to the jury. The sheriff's sale, on the face of it, imparted a title in Alden; and the jury have found that it was intended to be just what it seems. Terwilliger is out of the ring entirely. If Alden bid for him, he is not claiming the benefit of it. So far as Paine was concerned, his title was divested by the sheriff's sale, and Alden succeeded to it. Whether he holds it in trust for Terwilliger, or absolutely for himself, is a matter of no concern to either Paine or Richards. It was sufficient to draw to it the possession, and the action was well brought.

The judgment is affirmed.